**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JESSICA L.B.,

                           Plaintiff,

        v.                                                                    5:24-cv-00441 (AMN/ML)

COMMISSIONER OF SOCIAL
SECURITY,

                           Defendant.

---

**APPEARANCES:**                                                       **OF COUNSEL:**

**LEGAL AID SOCIETY OF**                                      **CINDY DOMINGUE-**
**MID-NEW YORK INC.**                                           **HENDRICKSON, ESQ.**
120 Bleecker Street
Utica, New York 13501
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**                  **KATHRYN POLLACK, ESQ.**
Office of the General Counsel                                       **NATASHA OELTJEN, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.        INTRODUCTION**

        On March 28, 2024, Plaintiff Jessica L.B.[1] commenced this action pursuant to

42 U.S.C. § 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to
protect her privacy.

Security ("Commissioner") denying her application for supplemental security income ("SSI") under the Social Security Act. Dkt. No. 1 ("Complaint").

This matter was referred to United States Magistrate Judge Miroslav Lovric, who, on July 29, 2025, recommended that the Court deny Plaintiff's motion for judgment on the pleadings, Dkt. No. 11, grant the Commissioner's motion for judgment on the pleadings, Dkt. No. 15, and affirm the Commissioner's decision. Dkt. No. 17 ("Report-Recommendation"). Magistrate Judge Lovric advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 2.[2] After a Court-approved extension of time, Dkt. Nos. 18-19, Plaintiff filed objections on August 29, 2025, Dkt. No. 20, and the Commissioner filed a response on September 5, 2025, Dkt. No. 22.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. 28 U.S.C. § 636(b)(1)(C). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012) (alterations in original) (quoting N.D.N.Y. Local Rule 72.1(c)). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

(citing Fed. R. Civ. P. 72(b) advisory committee note to 1983 addition). Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the Court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.    DISCUSSION

The Court adopts those portions of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein, including the background and legal framework set forth in the Report-Recommendation, familiarity with which is presumed for purposes of this decision. *See, e.g.,* Dkt. No. 17 at 1-10, 12-15.

As relevant here, Plaintiff filed her SSI application on March 23, 2021. *Id.* at 2. Plaintiff initially alleged that she became disabled on June 1, 2020, while she was incarcerated, primarily as the result of back pain. *Id.* at 5; Dkt. No. 10 at 57, 59-60. At the initial hearing before the administrative law judge ("ALJ") on September 8, 2022, Plaintiff limited her claim to the closed

period between March 23, 2021 and July 14, 2022, the date when her physician approved her return

to work.  Dkt. No. 17 at 2; Dkt. No. 10 at 36.  Plaintiff also raised for the first time an additional

impairment relating to her right knee.  Dkt. No. 10 at 37-38.  At the continued hearing on December

15, 2022, Plaintiff testified that she had back surgery in August 2021, *id.* at 60, and "explained that

she ultimately considered her back surgery to be a success because it resolved her back pain[,"]

Dkt. No. 17 at 10.  Plaintiff further testified that she first began complaining of right knee pain in

late 2021, had surgery in February 2022, and was cleared to return to work in July 2022.  Dkt. No.

17 at 10; Dkt. No. 10 at 24.  After examining the record, the ALJ determined, *inter alia*, that

Plaintiff was capable of performing her past work as a dispatcher and that Plaintiff was not disabled

between March 23, 2021 and July 14, 2022.  Dkt. No. 17 at 7.

As detailed in the Report-Recommendation, Magistrate Judge Lovric ultimately concluded

that the ALJ applied the correct legal standards and that substantial evidence supported the ALJ's

determination.  *See generally id.*  In reaching this conclusion, Magistrate Judge Lovric addressed,

at length, Plaintiff's "two challenges to the ALJ's disability determination[:]" (1) "the ALJ failed

to properly evaluate Plaintiff's subjective complaints regarding pain and fatigue and thus failed to

incorporate such limitations into Plaintiff's RFC[,]" and (2) "the ALJ failed to properly evaluate

[certain] available medical opinion evidence[.]"  *Id.* at 7; *see also id.* at 7-19.

The Court agrees with Defendant that Plaintiff's objections to the Report-Recommendation

simply repeat portions of these same two arguments.  Dkt. No. 22 at 1; *see also* Dkt. No. 20 at 4,

6.  When "an objecting 'party makes only conclusory or general objections, or simply reiterates

his original arguments, the Court reviews the report and recommendation for clear error.'"  *Lisa*

*M. S. v. Comm'r of Soc. Sec.*, No. 23-cv-0374, 2024 WL 4343594, at *1 (N.D.N.Y. Sept. 30, 2024)

(quoting *Weather v. Astrue*, 32 F. Supp. 3d 363, 368 (N.D.N.Y. 2012)); *see also Vega v. Artuz*,

No. 97-cv-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review[.]") (citations omitted). The Court discerns no clear error within Magistrate Judge Lovric's findings with respect to either of Plaintiff's arguments, in part for the reasons set forth by Defendants. Dkt. No. 22 at 2-4. As a result, the Court adopts the Report-Recommendation in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 17, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion, Dkt. No. 11, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's motion, Dkt. No. 15, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 17, 2025
       Albany, New York

Anne M. Nardacci
U.S. District Judge

5